Filed 8/26/15  Jackson v. Sage Point Lender Services CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| NANCY ALSPAUGH JACKSON et al., | B255662 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC501944) |
| v. | |
| SAGE POINT LENDER SERVICES, LLC, | |
| Defendant and Respondent. | |

APPEAL from the judgment of the Superior Court of Los Angeles County. Robert L. Hess, Judge.  Affirmed.

Nancy Alspaugh Jackson and H. Read Jackson, in pro. per.; Law Office Of Kenneth Townsend and Kenneth Townsend for Plaintiffs and Appellants.

Barrett, Daffin, Frappier, Treder & Weiss and Chris C. Chapman for Defendant and Respondent.

\* \* \* \* \* \* \* \* \* \*

Plaintiffs and appellants Nancy Alspaugh Jackson and H. Read Jackson appeal from the judgment of dismissal entered in favor of defendant and respondent Sage Point Lender Services, LLC following an order sustaining defendant's demurrer without leave to amend plaintiffs' second amended complaint.  Plaintiffs' only contention is that the first cause of action for violation of Civil Code sections 2923 and 2924 is viable as pled.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On appeal from a judgment dismissing an action after the sustaining of a demurrer without leave to amend, our review is de novo.  (*Aubry v. Tri-City Hospital District* (1992) 2 Cal.4th 962, 966-967 (*Aubry*); accord, *Aryeh v. Canon Business Solutions, Inc*. (2013) 55 Cal.4th 1185, 1191.)  For the limited purpose of reviewing the propriety of the trial court's ruling, we accept as true all well-pled factual allegations in the operative complaint, as well as any facts that may be reasonably implied or inferred from those expressly alleged.  (*Aubry*, at pp. 966-967; accord, *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).)  We do not "however, assume the truth of contentions, deductions or conclusions of law."  (*Aubry*, at p. 967.)

Our factual summary is drawn from the allegations of the operative second amended complaint, including the attached exhibits, according to this well-established standard.  (See *Barnett v. Fireman's Fund Ins. Co*. (2001) 90 Cal.App.4th 500, 505 ["[T]o the extent the factual allegations conflict with the content of the exhibits to the complaint, we rely on and accept as true the contents of the exhibits and treat as surplusage the pleader's allegations as to the legal effect of the exhibits"].)  Because plaintiffs have expressly limited their appeal to the viability of the first cause of action (expressly waiving consideration of any other claims stated against defendant), we have summarized only those facts material to the first cause of action.

## 1.    The Operative Second Amended Complaint

Plaintiffs are the owners of real property located at 23672 Oakfield Road in Hidden Hills, California (hereafter "the property").  Plaintiffs occupy the property as their

sole and primary residence.  In 2007, plaintiffs refinanced their mortgage, and executed a deed of trust and promissory note.

In October 2012, the deed of trust was assigned to another defendant, Residential Credit Solutions, Inc. (RCS), as the successor beneficiary.  RCS is not a party to this appeal.[1]  RCS recorded a notice of substitution of trustee designating defendant as the new trustee.  RCS notified plaintiffs it was their new lender and loan servicer.  Plaintiffs inquired about obtaining a loan modification from RCS "due to the extreme hardship they were experiencing with health issues and a special needs child."  Plaintiffs had previously missed payments on their mortgage but at the time they sought the loan modification from RCS, they were current on their loan obligations.  RCS told plaintiffs they had to be at least two months behind in payments before RCS would consider them for a loan modification.  "At RCS's instructions, [plaintiffs] stopped making their payments."

Thereafter, plaintiffs submitted no less than five separate applications to a loan modification at RCS's request, based on RCS's claims that their paperwork had been lost, or that certain documents had not been received.

On October 23, 2012, defendant as the new trustee recorded a notice of default against the property.  The notice of default is attached and incorporated as exhibit F to the second amended complaint.

In early February 2013, RCS notified plaintiffs the loan modification had been approved.  On February 5, RCS forwarded a Modification Trial Period Plan for plaintiffs' signature.  The Trial Period Plan agreement, and cover letter from RCS, are attached and incorporated as exhibit M to the second amended complaint.  The Trial Period Plan provided for a series of monthly payments beginning March 1, 2013, and that if plaintiffs

---

[1]    Both parties indicate that after the trial court's ruling on demurrer, summary judgment was entered in plaintiffs' favor against RCS.  Plaintiffs alleged RCS was the substitute beneficiary under the deed, but did not expressly plead or incorporate a copy of the notice of assignment.  The assignment was attached to defendant's request for judicial notice, to which plaintiffs did not object.

3

were able to comply with those payments, a formal loan modification would be forwarded for execution thereafter.

However, the next day, February 6, 2013, defendant recorded a notice of trustee's sale. The scheduled date of the sale listed in the notice was March 12, 2013. The notice is attached and incorporated as exhibit N to the second amended complaint. Plaintiffs were confused by the notice in light of their discussions with RCS regarding the pending loan modification, and were scared by the "looming threat of foreclosure" so they timely wired the first payment due under the Trial Period Plan to RCS. A copy of the wire transfer instructions are attached and incorporated as exhibit O.

Plaintiffs also sought and obtained a temporary restraining order enjoining the trustee's sale of the property. After issuance of the temporary restraining order, RCS advised plaintiffs the sale would be postponed for a month. On March 21, 2013, plaintiffs obtained a preliminary injunction against the sale. In its order granting the injunction, the court found that RCS and defendant had violated Civil Code section 2923.6, subdivision (c). The court also found that plaintiffs had demonstrated a probability of success on the merits, ordered rescission of the notice of trustee's sale, and that no new sale could be noticed or conducted until "the occurrence of any of the three events listed in section 2923.6(c)." The order granting the preliminary injunction is attached and incorporated as exhibit P.

Despite the court's order and repeated requests by plaintiffs' counsel, RCS and defendant did not rescind the notice of sale until April 2, 2013. Both RCS and defendant "intentionally violated" the statutory provisions "with the intent to harass and oppress [plaintiffs] into defaulting" on the Trial Period Plan.

Plaintiffs incorporated the above allegations into the first cause of action at paragraph 83. No further specific allegations are stated against defendant in the body of the first cause of action.

2.    **Procedural Summary**

Defendant demurred to the second amended complaint, arguing primarily that the first cause of action contained no specific allegations it had engaged in any wrongdoing,

4

and that any violation of the statute had been remedied by the recordation of a rescission of the notice of trustee's sale on or about April 1, 2013. Defendant asked the court to take judicial notice of six documents. With respect to the first cause of action, plaintiffs' argument in opposition to the demurrer consisted solely of referring to the order granting a preliminary injunction, and incorporating the factual and legal findings stated therein. The record does not contain any written objection by plaintiffs to defendant's request for judicial notice.

After oral argument (which was not reported), the court sustained defendant's demurrer to the second amended complaint without leave to amend, and entered a judgment of dismissal on February 28, 2014. The trial court found the complaint contained no allegations "specifically directed" to defendant and plaintiffs "concede[] that [defendant's] demurrers are meritorious."

This appeal followed. After the filing of plaintiffs' opening brief in this court, plaintiffs' counsel obtained an order to withdraw as counsel of record. Plaintiffs substituted in to represent themselves in propria persona.

## DISCUSSION

Plaintiffs claim they did not concede the validity of the demurrer during oral argument in the trial court. The proceedings were not reported, but the trial court stated in its minute order that plaintiffs conceded the demurrer was meritorious. "In sustaining a demurrer, the trial court may take into account as admissions against interest statements made in argument, and may rely on concessions made by plaintiff's counsel during oral argument to show there was no basis for a cause of action." (*Physicians Committee for Responsible Medicine v. KFC Corp.* (2014) 224 Cal.App.4th 166, 180.) We are inclined to credit the accuracy of the trial court's statement in its ruling. However, we will briefly discuss the merits.

The first cause of action for violation of Civil Code sections 2923 and 2924 contains no specific factual allegations against defendant. However, the first cause of action expressly incorporates the introductory statement of facts that includes factual

5

allegations against defendant. The question is whether those incorporated allegations state a claim. We conclude they do not.

The gist of plaintiffs' claim against defendant is that it violated Civil Code section 2923.6 which provides, in relevant part, as follows:

"If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs: [¶] (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired. [¶] (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer. [¶] (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification." (Civ. Code, § 2923.6, subd. (c).)

The only substantive allegations against defendant are that it recorded the notice of default and the notice of trustee's sale. Plaintiffs also included the general, conclusory allegation that defendant, in conjunction with RCS, "intentionally violated" the statute "with the intent to harass and oppress [plaintiffs] into defaulting" on the Trial Period Plan.

However, all of the conduct prohibited by the statutory scheme is alleged to have been undertaken by RCS, the beneficiary under the deed of trust. RCS is the only defendant alleged to have been involved in, and knowledgeable about, plaintiffs' pending loan modification. There are no facts alleged that defendant knew or was involved in RCS's discussions with plaintiffs about a possible loan modification when defendant filed the notice of trustee's sale.

6

Civil Code section 2924, subdivision (b) provides "[i]n performing acts required by this article, the trustee *shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary* regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage. In performing the acts required by this article, a trustee shall not be subject to Title 1.6c (commencing with Section 1788) of Part 4." (Italics added.)

Further, plaintiffs allege that a notice of rescission of the trustee's sale was recorded before any sale proceedings. Civil Code section 2924.12, subdivision (c) provides that "[a] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent *shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale*, or that has been corrected and remedied by third parties working on its behalf prior to the recordation of a trustee's deed upon sale." (Italics added.)

Plaintiffs have not cited any authority for the imposition of liability against defendant on these facts. Plaintiffs have not identified any additional facts they can allege to cure the defects in the first cause of action as to defendant.

## DISPOSITION

The judgment of dismissal in favor of defendant and respondent Sage Point Lender Services, LLC is affirmed. Defendant and respondent Sage Point Lender Services, LLC shall recover its costs of appeal.


GRIMES, J.

WE CONCUR:


RUBIN, Acting P. J.


FLIER, J.

7